## CHALMERS v. KINARD.

1. FINDING OF FACT by master and Circuit Judge, disallowing a claim presented against the estate of an intestate ten years after her death, approved.
2. PETITION FOR REHEARING refused.

Before WALLACE, J., Newberry, January, 1891.

In this case Robert Aldrich, Esq., sat in the place of Mr. Justice Pope, who had been of counsel in the court below. It was an action by E. P. Chalmers, as administrator of Sparta C. Kibler, deceased, against C. W. Kinard and others, in which the claim considered was presented and adjudicated.

*Messrs. Johnstone & Cromer* and *Moorman & Simkins*, for appellant.

*Messrs. J. Y. Culbreath* and *G. G. Sale*, contra.

January 5, 1893. The opinion of the court was delivered by

MR. JUSTICE ROBERT ALDRICH. On the 6th day of March, A. D. 1871, Langdon C. Kibler bid off a tract of 187½ acres of land, at a sale made under an order of the court in a case enti-

tled Moffett v. Werts, at the price of $2,280, upon the terms stated in the order, to wit: one-third cash, the balance in one and two years, with interest, to be secured by bond of the purchaser and mortgage of the premises. He gave no bond and paid only a part of the cash portion, the sum of $550. On the 25th day of November, 1871, the said L. C. Kibler contracted to sell to Jacob H. and Daniel T. Dominick one hundred and four acres of land, the same being a part of the tract above referred to, for the sum of fourteen hundred and fifty-six dollars; seven hundred dollars of which was to be paid in cash, and the remaining seven hundred and fifty-six dollars in wood, delivered at the G. and C. Railroad within the term of the year 1872. And the said L. C. Kibler, with his wife, Sparta C. Kibler, executed and delivered to the said J. H. & D. T. Dominick their bond for titles, in the penal sum of $2,912, the titles to be executed and delivered upon the Dominicks "paying the said cash and delivering said wood." On the 2d day of August, 1872, L. C. Kibler was served with a notice of application for a rule to show cause why he had not complied fully with his purchase, and for an injunction to prevent him from selling the lands, and especially cutting the timber therefrom. On the 10th September, 1872, an order was passed requiring him to give bond and comply. On the 27th September, 1872, Mrs. Sparta C. Kibler died intestate. L. C. Kibler did not comply with the order of the court of the 10th September, 1872, but on the 22d December, 1873, he, with the Dominicks, filed their petition, praying the court for an order to substitute the Dominicks as purchasers of the 187½ acres of land. The order for such substitution was granted on the 23d December, 1873, and on the next day, the 24th December, 1873, the Dominicks gave their bond to the clerk of the court for $2,280, to be paid in accordance with Kibler's purchase, with permission from the court to credit it with the $550 previously paid by Kibler, which was done with his consent. Langdon C. Kibler died 21st November, 1876.

On the 21st June, 1882, an order of the court was passed in this case, calling in the creditors of the estate of Sparta C. Kibler to establish their demands before the master, and the only

demand presented is that of Jacob H. and Daniel T. Dominick, who claim the penalty of the bond for titles, $2,912, alleging that they have fully performed their part of the contract, by paying to the Kiblers the $1,456 mentioned in the bond, and have been damaged by having to pay into the court $1,264.64 for the 104 acres of land, which is set up as a breach of the condition of the bond. The claim was contested, and the master took the evidence as reported and contained in the brief. The master, in a carefully prepared report, finds "that the creditors, Jacob H. Dominick and Daniel T. Dominick, have failed to establish their demand against the estate of Sparta C. Kibler, deceased, and that the estate is not indebted to them in any amount." Upon exceptions to the master's report, the case came before the Circuit Judge, who made an order as follows: "The issue made by this claim was heard by the master, and he has made an elaborate report thereon. He disallows the claim, and on the showing made I think he is right," and orders that "the report be confirmed and stand as the judgment of the court." The claimants, the Dominicks, appeal to this court from the order of the Circuit Court, upon exceptions which are identical with those which were taken to the master's report.

The case as developed below is not clear and satisfying. The principal effort of the claimants was to show that they paid the price of the land as set forth in the bond. The evidence certainly goes to establish the fact that they made payments to L. C. Kibler in cotton, and delivered wood to the railroad company. On the other hand, it is established by their own testimony that the cotton was delivered to Kibler to repay the $550 he had paid into court, and which the Dominicks got the benefit of. These payments were made, too, after the Dominicks knew that Kibler was unable to comply with the terms of the bond for title, and after they had arranged to get their title to the land, not from Kibler, but from the court. The wood was delivered to L. C. Kibler after the death of Mrs. Kibler, and is receipted for by him. The testimony goes further, and shows that the Dominicks delivered even more wood than the contract called for, and that he was indebted to

them for cotton; all the while they knew that the contract for the sale of the land, as agreed upon when the bond was executed, would not be, and could not be, carried out. And a new and different arrangement had been made, whereby they were to acquire the land in another way. L. C. Kibler died before this litigation began, and this claim against the estate of his wife is not set up until about ten years after her death.

It is competent for this court in a case in chancery, which this is, to review the findings of the Circuit Court, and if it shall be satisfied that the judgment is not sustained by the evidence, or is against the clear weight of the evidence, to reverse or modify the decision of the court below, as the circumstances may require, and the burden of making this to appear is upon the appellant. We are unable to say, from what is before us, that the master erred in his findings, or that the Circuit Judge is not sustained in confirming his report.

The judgment of this court is, that the judgment of the Circuit Court be, and the same is hereby, affirmed.

January 24, 1893. Upon a petition for a rehearing, filed in this case, the following order was endorsed

PER CURIAM. After a careful consideration of this petition, we are unable to find that any material fact, or important principle of law, has either been overlooked or disregarded, and hence there is no ground for a rehearing. It is, therefore, ordered, that the petition be dismissed, and that the stay of the *remittitur* heretofore granted be revoked.